## William E. Handel, Appellant, v. Christian County, Appellee.

1. JUSTICES OF THE PEACE, § 18*—*when county liable for payment of statutory fees of justices.* A resolution passed by a board of county supervisors recommending that the county pay the full amount of all statutory fees in all preliminary hearings and in all criminal cases where uncollectible from the defendant, the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

costs not to exceed $2 for justices and police magistrates, *held* not a contract with the officers to pay such fees and not to change their rights, liabilities and obligations as prescribed by the statutes, but that it still rested in the discretion of the county whether persons mentioned in the statute should receive such payment.

2. JUSTICES OF THE PEACE, § 18*—*when fees of justices may be paid by county.* Before county funds can be used to pay the fees of a justice of the peace for a case tried before him, it must be shown either that the prosecution has failed or that the accused has been convicted and that the costs cannot be collected from him.

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916.

R. C. NEFF, for appellant.

HARRY B. HERSHEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The only question involved in this case is the right of appellant, a justice of the peace, to recover fees from Christian county, which he had earned in cases where a preliminary examination was had before him to determine whether or not the parties accused should be held to await the action of the grand jury, and in other cases where he as a justice had jurisdiction to render final judgments. The case was begun before a justice of the peace, from whose judgment an appeal was taken to the Circuit Court, where, on a trial without a jury, judgment was rendered in favor of the county.

At the October, 1912, meeting of the Board of Supervisors of Christian County the board adopted the following resolution: "We would further recommend that the county pay the full amount of all statutory fees in all preliminary hearings, and in all criminal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cases where the same is uncollectible from the defendant. Said costs not to exceed $2.00 for Justices and Police Magistrates.'' The authority of a board of supervisors to pay any costs in criminal cases is derived from section 40 of chapter 53 (J. & A. ¶ 5641) of the Statute: ''The Fees and Salaries Act.'' It provides ''* * * in all criminal cases where the fees cannot be collected of the party convicted, or where the prosecution fails, the county board may, in its discretion, direct that the costs of the prosecution, or so much thereof as it shall deem just and equitable shall be paid out of the county treasury.'' The record also shows that the county paid fees under this resolution until July, 1915. The appellant in July, 1915, presented a bill to the county board for his costs in four cases, the amounts claimed by him varying in each case from $8.60 to $2.60. The board of supervisors allowed $4 on one bill and refused to allow the remainder of the claim, to recover which this suit was brought. The controversy in this case is whether the county, by the passage of the resolution, deprived itself of its discretionary power, so as to render it unconditionally liable for all claims coming within the terms of the statute and resolution while the resolution remained in force. The resolution was only a recommendation for the guidance of the county board and created no contract with the officers, whose fees are referred to in the resolution. The duties of the officers are prescribed by the statute and cannot be changed by a resolution of the board. Their rights, liabilities and obligations remained unchanged whether the resolution remained in force or not. *Locke v. Davison*, 111 Ill. 19. The statute provides for the payment of costs of the prosecution in the discretion of the board in criminal cases, or so much thereof as shall seem just and equitable, where the fees cannot be collected of the party convicted or where the prosecution fails. Before the county funds can be used to pay such

costs, the accused must have been tried in a court having jurisdiction to finally dispose of the case and be found not guilty, or as the statute expresses it, "where the prosecution fails" or "where the fees cannot be collected of the party convicted."

There is neither anything in the stipulation nor any evidence bringing the claims of appellant within the provisions of the statute, whereby the county board is authorized to pay costs. It was not shown that the prosecution in any of the cases had failed or that the accused had been found guilty, and the costs could not be collected from them. The county board has no authority in the matter unless it is given by the statute. The resolution itself is only a recommendation and does not bind the county to the payment of costs. The payment was still discretionary with the board, even if the claim had been shown to be within the classes that the statutes gives the county board discretion to pay.

The appellant has no legal claim against the county. *Moore v. People,* 37 Ill. App. 642. The judgment is affirmed.

*Affirmed.*